UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

| | |
|---|---|
| In re:<br><br>CHANRANY EM<br><br>  Debtor | Chapter 7<br><br>Case No. 12−41149-MSH |

**DEBTOR'S MOTION FOR ENTRY OF**
**DISCHARGE NUNC PRO TUNC TO AUGUST 1, 2012**

Chanrany Em ("Em") hereby moves, pursuant to 11 U.S.C. §§ 727 and 105(a) for a discharge granted nunc pro tunc to August 1, 2012.  In support of this Motion Em submits the *Declaration of Chanrany Em in Support of Debtor's Motion for Entry of Discharge nunc pro tunc to August 1, 2012* ("Em Dec.") and the *Declaration of Peter T. DaMore, Sr. in Support of Debtor's Motion for Entry of Discharge nunc pro tunc to August 1, 2012* ("DaMore Dec."), both filed contemporaneously herewith, and states:

### I.   Introduction

1. On March 29, 2012 (the "Petition Date") Em filed a voluntary petition under Chapter 7 of the Bankruptcy Code with this Court.

2. The first date set for the meeting of creditors pursuant to 11 U.S.C. § 341 was April 26, 2012.[1]  The deadline for objections to Em's discharge was June 25, 2012.  Fed. R. Bankr. P. 4004(a).  No objections were filed to Em's discharge at any time before or after the deadline.

---

[1] According to an unnumbered docket entry from the Chapter 7 Trustee dated May 17, 2012, the 341 meeting was actually held on May 16, 2012.

3.     On August 2, 2012 this Court closed Em's case without a discharge because a Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management had not been filed [Docket No. 58].

4.     On November 21, 2016 Em filed the *Debtor's Motion to Reopen Chapter 7 for Purpose of Obtaining Discharge* [Docket No. 59] (the "Motion to Reopen").  This Court granted the Motion to Reopen on December 8, 2016 [Docket No. 60].

5.     On November 29, 2016 Em completed the required instructional course concerning personal financial management.  Em has filed the *Certificate of Debtor Education* contemporaneously herewith.

## II.     Background

6.     Em cannot speak or read English.  (Em Dec. ¶ 3.)  For the last four years Em believed that her debts were discharged in 2012.  (Em Dec. ¶ 2.)  She had no reason to believe anything was amiss because all three consumer credit reporting agencies reported that she had received a Chapter 7 discharge in August 2012, and she had never been subject to any collection activities for debts incurred prior to the Petition Date.  (DaMore Dec. ¶ 3; Em Dec. ¶ 2.)

7.     The first inkling Em had that something was amiss was in November 2016 when, in connection with the planned purchase of a new home, her realtor told her that her mortgage broker was unable to locate the bankruptcy discharge on the court docket.  (Em Dec. ¶ 1; DaMore Dec. ¶ 6.)

8.     Though the docket in this case reflects that the clerk had mailed her notices about the requirement that she take the personal financial management course, she was unable to read these notices.  (Em Dec. ¶ 3.)  Instead, Em gave every piece of mail she received from the bankruptcy court to her attorney, whom she understood was handling everything and on whom she was relying to apprise her of her duties as a debtor.  (Em Dec. ¶ 3.)  Em was never told she

2

needed to take another course in addition to the prepetition credit counseling course. (Em Dec. ¶ 4.) Had Em known that taking another course was necessary for her discharge, she would have done it. (Em Dec. ¶ 4.) In fact, she recently took the personal financial management course within 24 hours of receiving the instructions for doing so. (Em Dec. ¶ 4.)

9. Em's mortgage broker has informed her that she will not be able to qualify for a mortgage without a bankruptcy discharge from her 2012 case. (DaMore Dec. ¶ 7.) However, merely obtaining a discharge will not solve Em's dilemma. The borrower qualifications for the Federal Housing Administration-insured home mortgage Em needs require that more than two years have elapsed from the date of her Chapter 7 discharge. (DaMore Dec. ¶¶ 4, 5, 7, 8.)[2]

10. As described below, though a 2016 discharge pertaining to a Chapter 7 filed in 2012 is of substantially the same legal effect as one that entered in 2012, Em's mortgage broker has told her that <u>only a discharge with a date that reflects on its face that at least two years have elapsed will meet the underwriting requirements for the loan she needs</u>. (DaMore Dec. ¶¶ 4, 5, 7, 8.)

### III.    Relief Requested

11. By this Motion, Em requests that this Court grant her a discharge under 11 U.S.C. § 727 that is dated August 1, 2012—the day before her case closed and a date after the deadline for any objections to discharge. The entry of the discharge nunc pro tunc to August 1, 2012 is necessary for Em to receive the mortgage loan she needs to purchase a home.

---

[2] The source of this requirement stems from the U.S. Department of Housing and Urban Development's "Housing Handbook" for the FHA loan Em needs: "A Chapter 7 bankruptcy (liquidation) does not disqualify a borrower from obtaining an FHA-insured mortgage if at least two years have elapsed since the date of the discharge of the bankruptcy." U.S. DEP'T OF HOUS. & URBAN DEV., HANDBOOK NO. 4155.1, MORTGAGE CREDIT ANALYSIS FOR MORTGAGE INSURANCE ON ONE- TO FOUR-UNIT MORTGAGE LOANS, Ch. 4, § C(2)(g), *available at* http://portal.hud.gov/hudportal/documents/huddoc?id=41551HSGH.pdf.

3

A. <u>No impact on pre-petition creditors</u>

12.  While the relief requested herein may seem "retroactive," a discharge dated August 1, 2012 will, as a practical matter, have the same impact on pre-petition creditors as one entered in this case with a current date.  In either instance the discharge applies only to debts that arose prior to the Petition Date.  11 U.S.C. § 727(b).

13.  Since a nunc pro tunc discharge will apply to the exact same class of creditors and debts as it would if the discharge had a current date, the only conceivable way in which nunc pro tunc relief could arguably have an impact on prepetition creditor rights would be with respect to the running of the period by which creditors must seek revocation of the discharge under section 727(d).  11 U.S.C. § 727(e).  However, as described above, every indication is that Em's creditors have been treating the discharge as having entered in 2012.  There have been no collections activities undertaken by any prepetition creditors since her bankruptcy filing, and her credit reports already reflect that her discharge entered in August 2012.  If Em's creditors had grounds for seeking revocation of her discharge, they would have sought to bring the revocation action long before now, given their apparent mistaken understanding that the debts were already subject to a Chapter 7 discharge.

14.  In addition, all prepetition creditors have received notice of this Motion, which effectively affords them an opportunity to avail themselves of any unexercised section 727(d) rights years beyond what would be the normal statutory deadline under section 727(e). Accordingly, there is no prejudice to prepetition creditors.

B. <u>No impact on postpetition creditors</u>

15.  The requested nunc pro tunc relief also entails no prejudice to any creditors that have extended credit in the intervening four years.  This is because they are unaffected by the

4

discharge, regardless of its effective date. As noted above, the discharge applies only to debts that arose prior to the Petition Date. 11 U.S.C. § 727(b).[3]

16. Moreover, Em's credit reports already reflect that Em received a bankruptcy discharge in August 2012, so nunc pro tunc entry of the discharge will simply confirm the basis upon which the postpetition credit was extended in the first place.

C. <u>Equities favor nunc pro tunc relief</u>

17. In addition to there being no prejudice to Em's pre-and postpetition creditors, the extraordinary circumstances of this case justify nunc pro tunc relief.

18. A bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy courts are courts of equity and "may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation." *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F. 3d 1021, 1028 (1st Cir. 1995).

19. Though a discharge granted nunc pro tunc will not harm any party in interest (and is of no material legal significance), Em will be gravely harmed if she is denied the relief requested herein. Because Em is at the mercy of inflexible mortgage underwriting guidelines, Em will likely have to wait at least another two years before she can qualify for a mortgage loan absent nunc pro tunc relief. The purchase of a new home was to be a critical first step for Em in rebuilding her life after she lost her home to foreclosure (which is what happened shortly after her Chapter 7 case closed in 2012).

---

[3] With respect to any debts incurred after the Petition Date, it is also worth noting that Em's eligibility for another Chapter 7 discharge would not be affected by nunc pro tunc entry of the discharge, as the operative date for the eight year ineligibility period runs from the commencement of the case, and not from the date of the discharge. 11 U.S.C. § 727(a)(8). The same applies with respect to any future potential Chapter 13 discharge. 11 U.S.C. § 1328(f)(1); *Gagne v. Fessenden (In re Gagne)*, 394 B.R. 219, 230 (B.A.P. 1st Cir. 2008)(holding that applicable section 1328(f)(1) time period after prior case measured from date of filing of case, not date of discharge); *In re Johnson*, 488 B.R. 46, 49 (Bankr. D. Mass. 2013)(same).

20. Em took the requisite post-petition personal financial management course immediately upon being informed of its necessity. Under the circumstances, it is obvious that the only reason she had not taken the course earlier is because no one had communicated to her that it was required. The moment she found out she did not have her discharge and was told how to rectify the situation, she corrected the oversight. Given the circumstances, it would be inequitable to further punish Em by making her wait another two years before she can buy a home.

21. Em has now satisfied all of the statutory requisites for entry of a discharge, and none of the relief sought herein is inconsistent with any provision the Bankruptcy Code. Rather, nunc pro tunc relief is a necessary and appropriate order for carrying out the provisions of the Bankruptcy Code under the extraordinary circumstances of this case. There is no reason to make Em wait another two years for the full benefit of a discharge that she should have received more than four years ago.

### IV.    Notice

22. A copy of this Motion has been furnished to: (a) the Office of the United States Trustee for this district; (b) the Chapter 7 Trustee (currently discharged); (c) Em's prior bankruptcy counsel; (d) all parties that have requested notice and service of pleadings in this case; and (e) all other prepetition creditors and codebtors. Em requests that this Court find such service to be appropriate and sufficient notice of this Motion in the particular circumstances.

WHEREFORE, Em requests that this Court: (i) approve this Motion and grant a discharge under 11 U.S.C. § 727 that is dated August 1, 2012; and (ii) grant such other and further relief as this Court may deem just and proper.

Respectfully submitted this 8th day of December, 2016.

                    CHANRANY EM,

                    By her attorney,


                    /s/ Nathan R. Soucy_____
                    Nathan R. Soucy (BBO # 660914)
                    SOUCY LAW OFFICE
                    375 Gorham Street
                    Lowell, Mass. 01852
                    Telephone:    (978) 905-8010
                    Facsimile:    (978) 455-3323
                    Email:         *nsoucy@soucylo.com*